O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALBIDREZ,<br><br>                      Plaintiff,<br><br>      vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                      Defendant. | CASE NO. ED CV 12-00590 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

In support of his claim that the Commissioner's decision must be overturned, Plaintiff presents a single argument. He asserts that the Administrative Law Judge wrongly rejected the findings of the treating physician, who opined that Plaintiff had little functional capacity. [AR 279 *et seq*.] The Court disagrees with Plaintiff, and affirms.

In this Court, with admirable candor, the Commissioner confesses that the Administrative Law Judge was wrong in saying [AR 26] that there was no evidence that physician Dr. Goharvin treated Plaintiff. The Court also finds unpersuasive the Administrative Law Judge's statement that Dr. Goharvin's functional capacity opinion appeared to have been presented as an accommodation to Plaintiff. [AR 25] The Administrative Law Judge identified no evidence that this was so. In this Court, the Commissioner equates "accommodation" with "soliciting," and argues that Plaintiff asked Dr. Goharvin to fill out a functional capacity form, and that therefore Dr. Goharvin's

opinion is suspect. This makes no sense. The fact that a person asks another to complete a form has no bearing on whether the opinion is skewed to benefit the requester. The Social Security Administration, of course, itself often asks physicians to fill out forms.

However, the fact that the form is basically a check-list, with little supporting data, *is* a factor that the Administrative Law Judge was entitled to take into account. *Batson v. Commissioner of Social Security*, 359 F. 3d 1190 (9th Cir. 2004). And the fact that the medical record gave little basis to support the opinion also is a factor to be considered. This was not just the Administrative Law Judge looking at the record, but the record as interpreted by a medical expert. That was an appropriate use of a medical expert. *Richardson v. Perales,* 402 U.S. 389, 408 (1971). The Administrative Law Judge referenced Plaintiff's daily work activities. This too was an appropriate basis upon which to question the functional limitation recommended by Dr. Goharvin. The Administrative Law Judge also noted the essentially conservative treatment of Plaintiff's back pain; physicians often basically told Plaintiff to use the over-the-counter medication Motrin, and Plaintiff at times stopped taking even that. [AR 24] The conservative nature of the treatment belies the claim of its incapacitating nature. *Cf. Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

The opinion of a treating physician generally is given great weight, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), but it may be rejected by the Administrative Law Judge on the basis of other substantial evidence. In particular, it may be rejected on the basis of a conflicting opinion by a medical consultant, together with other information, such as reason to suspect the results of tests, conflicts with the medical evidence or inconsistencies in reports. *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999). The Administrative Law Judge here acknowledged that the consultant's opinion was not to be given controlling weight just on its own, and he identified other factors, including those noted above, that buttressed the opinion of the medical advisor. This was a sufficient basis on which to reject the treating physician's opinion.

There being no error of law and there being substantial evidence to back the decision of the Administrative Law Judge, the decision is affirmed.

DATED: February 19, 2013

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　RALPH ZAREFSKY
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE